A. D. AMERISE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111766. Promulgated May 12, 1943.

*W. W. Arner, C. P. A.*, for the petitioner.
*Charles P. Bagley, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge:* This case involves income taxes of $62.81 and $357.52 for the calendar years 1939 and 1940, respectively. The facts were stipulated, and we therefore find as follows:

1. Petitioner is a resident of Coral Gables, Florida. His profession is that of physician.

2. In 1937 petitioner purchased a lot at 3745 Alhambra Court, Coral Gables, Florida, and erected a residence thereon. At or about this time the residence was appropriately furnished by petitioner. The cost of the lot, residence and furnishings was in excess of $25,000.00.

3. Petitioner and his family have resided in and used this residence exclusively for personal living quarters continuously since 1937 up to and including the years 1939 and 1940, except as hereinafter stated.

4. In 1939 petitioner rented said residence (furnished) for the period from January 24, 1939 to May 1, 1939, for the sum of $1,500.00, which was received in said year. During said rental period petitioner rented other living quarters for himself and family for the sum of $550.00, which was paid in said year.

5. In 1940 petitioner rented said residence (furnished) for the period from January 10, 1940 to April 10, 1940 for the sum of $1,800.00, $900.00 of which was received in 1939 and $900.00 of which was received in 1940. During said rental period petitioner rented other living quarters for himself and family for the sum of $1,000.00, which was paid in 1940.

6. In 1940 petitioner received the sum of $1,450.00 as partial rental for said residence for a similar "winter season" of several months in 1941.

7. Petitioner included as taxable income in his income tax returns for 1939 and 1940 the rentals received in those years in the respective amounts of $2,400.00 and $2,350.00. Petitioner deducted in these returns the rentals paid for other living quarters for himself and family in the respective amounts of $550.00 and $1,000.00.

8. At all times during the years 1939 and 1940, the tax years here involved, petitioner was engaged in the active practice of his profession as a physician and owned no other real estate of any character.

The only question presented is whether the petitioner may deduct the amounts he paid out for rent for a temporary home for periods when he leased his own home. The petitioner cites and relies upon

O. D. 1134, C. B. 5, page 122,[1] and section 23 (a) (2) of the Internal Revenue Code,[2] added by section 121 (a) (2) of the Revenue Act of 1942. Reliance is also placed upon *Deputy* v. *DuPont*, 308 U. S. 488, to the effect that a deductible ordinary and necessary expense need not be of frequent occurrence to the taxpayer, and *Cecil* v. *Commissioner*, 100 Fed. (2d) 896, involving the definition of business in connection with use of a home for exhibition purposes. The respondent's position is that section 24 (a) (1) of the Internal Revenue Code[3] prevents allowance of deduction *"in any case"* for living or family expenses, that the amounts paid by the petitioner for rent are such living and family expense, and that section 24 (a) (1) is not affected by section 23 (a) (2) of the Internal Revenue Code. He points out that regulations have been issued to that effect (T. D. 5196, December 8, 1942).

We think it clear that the respondent's view should be sustained. We find no parallel between renting and then subletting an apartment, as discussed by O. D. 1134, *supra*, and the instant situation. The rent paid for an apartment or other property is in its nature essentially the expense thereof to be deducted from amounts received for subletting it. Here the petitioner leased his home, receiving money therefor, and incurred family living expenses elsewhere when he temporarily rented a home. Although section 121 (a) of the Revenue Act of 1942 was specially designed to broaden the base of nontrade or nonbusiness expenses, including the "ordinary and necessary expenses paid or incurred * * * for the production of income," no amendment of section 24 (a) (1) is suggested, and in our opinion none was intended. Family living expenses remain personal and nondeductible. The error in petitioner's view is in connecting rent paid for

---

[1] The taxpayer lived in an apartment where it was the custom of the residents to sublease their apartments or houses for the summer months. In his 1920 return the taxpayer included in his gross income the amount received as rent for the apartment which he sublet and deducted as a business expense the amount which he had to pay as rent for the apartment, claiming that he had sublet his apartment as a purely business proposition and that the transaction was entered into for profit. He occupied no part of the apartment after it was sublet.

Held, that the rent which the taxpayer was required to pay for the apartment during the time that it was sublet at a profit is deductible in computing net income.

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

* * * * * * *

(2) NON-TRADE AND NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

[3] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x).

the use of the family with the income received from the home owned and customarily occupied by the family. Such rent paid out obviously does not contribute to the maintenance of the regular home, then being leased; it contributes to the comfort of the petitioner and his family. It is in a wholly different category from such items as ordinary repairs, or water bills paid, upon the leased premises, as to the deductibility of which we think there would be no question. It is apparent, in our opinion, that section 121 (a) (2) of the Revenue Act of 1942 was intended simply to allow theretofore questioned expenses where trade or business is not involved, but where, nevertheless, among other situations, income is produced, but not to allow deduction of expenses not producing such income. Herein, income was produced, by leasing the home. It was not produced by the act of the petitioner and family paying rent elsewhere, but only by the direct expense of maintaining the leased property. We find no error on the part of the Commissioner in denying the deductions claimed.

*Decision will be entered for the respondent.*